Matter of Thomas (Commissioner of Labor) (2018 NY Slip Op 01693)





Matter of Thomas (Commissioner of Labor)


2018 NY Slip Op 01693


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525259

[*1]In the Matter of the Claim of DERRICK E. THOMAS, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Derrick E. Thomas, Conyers, Georgia, appellant pro se.
Eric T. Schneiderman, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2017, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
On its own motion, the Unemployment Insurance Appeal Board reopened claimant's case for the sole purpose of determining whether there had been compliance with the procedural safeguards set forth in the consent judgment in Municipal Labor Comm. v Sitkin (1983 WL 44294, 1983 US Dist LEXIS 15013 [SD NY, Aug. 1, 1983, 79 Civ 5899]). Finding no pertinent procedural violation, the Board adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed. Upon our review of the record, we find no reason to disturb the Board's decision (see Matter of Della Croce [Commissioner of Labor] , 275 AD2d 850, 850 [2000];
Matter of Blinder [Sweeney] , 216 AD2d 654, 654 [1995], lv denied 86 NY2d 711 [1995]). Further, because the initial determination regarding claimant's disqualifying misconduct was overruled by the Administrative Law Judge, any procedural violation regarding claimant's ability to cross-examine the employer's witness with regard to such misconduct was not before the Board.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.